UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED

OCT 2 4 2008

Michael N. Milby, Clerk

Gary Mosher
147 Ironia Rd
Mendham NJ 07945
973 543-6003
Plaintiff Pro-Se

Mosher, Gary

    Plaintiff

VS.

Keanster, Cindy and Douglas Jones, Juan Manuel Guti?rrez-Garralda
&
Numerous John Does

    Defendants

CIVIL ACTION No. 4:08-cv-02105

Notice of special circumstances and request for accommodation and time.

I beg the Court's indulgence regarding any imperfections in the formal presentation of the submission of this notice and request.

I give the court notice that I have an anxiety disorder (a 30 year condition) that severely limits my ability to travel. The condition is recognized by the Social Security Administration (most recent evaluation 2007) as a disability, and has been declared by a New Jersey Superior Court as entitling me to coverage under the Americans with Disabilities Act.

I request of the court, consistent with the provisions of the ADA, any necessary reasonable modifications to regular procedure, that will make possible the prosecution of my claims without compromising any real rights of any other parties involved. The most obvious implication of my disability is an inability to make "in person" appearances in court. I would suggest widely used audio and video technology (currently used in court procedures) can provide a most satisfactory duplication of any useful purpose of live court appearance.

Although this cause of action can be initiated without the provision of any accommodation, the fundamental future practicality of the litigation is substantially contingent on the court's willingness to comply with the request for reasonable accommodations. If the court is negatively disposed to provide the accommodation of reasonable modifications to process I would request of the court respond with objections so the plaintiff may have opportunity to dispel those objections, or seek a more accommodating venue, to prevent wasting the time of all interested parties on process that as no reasonable prospect of completion.

If the court addional evidence or documentation regarding my condition, I will attempt to comply with any request. I would further request of the court that the confidentiality (private nature) of the information be protected.

**On the matter of time:**
Do to the complex nature of this litigation, and some personal circumstances, it has taken me more time than initially anticipated to formally perform the duties required to sustain this litigation. While I do not believe I have breached the spirit of any rules of performance, and I do ensure the court that I will make every effort to more satisfactorily fulfil my obligations in the future, I request the Court's indulgence regarding a delay in formally providing the named defendants notice of this litigation. (only one waiver of a summons has been returned as of this date) In explicit fact the named defendants have acknowledged in public statements reading the complete complaint and the "ORDER FOR CONFERENCE".

The primary cause of the delay was uncertainty on my part regarding how best to secure the identities of the John Doe defendants, and whether it was prudent regarding all circumstances to name youtube.com as a defendant in this case. My apprehension in naming youtube.com centered around the possibility that I may lose a reservoir of some 1000 videos to a potential act of retaliation. It has been my decision to, in subsequent motion, request adding youtube.com as a defendant as I believe the issues of law cannot be satisfactorily settled otherwise.

Further complicating this litigation is the ongoing nature of the alleged criminal abuse. As of this date two of the named defendants just posted public youtube videos that are in many respects more defamatory then previous statements. These videos usually provoke "copycat videos" that reiterate the slanders claims made. It has been more than a slight distraction to coherently evaluate how to best filter this conduct into a concise demand for justice.

Regarding the scheduled conference, is my hope it can be performed through telecommunication. As for the "joint discovery case management" requirement is seems impractical under the present circumstance of the continuing criminal behavior and need to secure a complete list of descendants. I would further argue that is my primary intent to secure a judicial ruling defining the state of law and I have little interest in a settlement that would make no declarations about the legality of the behavior in question.

In summation, I again apologize the court for any breaches of formal conduct, in this submission, and in the processing of this case thus far. I believe once a few initial hurdles are overcome that I will be able to reliably fulfil my responsibility under the court rules.

Gary Mosher (Plaintiff Pro-Se)
147 Ironia Rd
Mendham NJ 07945
[973 543-6003]

Date: October 21, 2008
Original +1: Clerk's Office
(1 copies) Jason Marchand
cc: None