UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Gary Mosher
147 Ironia Rd
Mendham NJ 07945
973 543-6003
Plaintiff Pro-Se

United States Courts
Southern District of Texas
FILED

APR 0 1 2010

David J. Bradley, Clerk of Court

---

Mosher, Gary

        Plaintiff

VS.

Keanster, Cindy and Douglas Jones,
Juan Manuel Gutierrez-Garralda
&
Numerous John Does

        Defendants

CIVIL ACTION No. H-08-2105

Motion
Demanding
Judicial Recusal

---

**Brief In Support:**

The plaintiff has reasonable cause to believe that, following the bad example of Judge Hittner, this court has also chosen to abuse its authority in an effort to maliciously deny the plaintiff access to his fundamental Constitutional Rights. **Therefore, the Plaintiff respectfully demands that Judge MELINDA HARMON recuse herself from further deliberation, or action, regarding this cause of action.**

The abundant inaccuracies, exaggerations, and unsupportable accusations contained in the courts "justification's" for its order of March 9th, 2010 provides solid evidence of a

1

judicial bias. Ironically, I believe the court has violated the very laws against defamation it was the purpose of this litigation to enforce.

I submit the following defenses against the maliciously bigoted, ignorant, false, and judicially inappropriate accusations of the court.

Quoting the court:

> "On or about October 9, 2009 Plaintiff Mosher posted a video on YouTube that included recorded excerpts from the teleconference with Judge Hittner along with Mosher's commentary."

Mr. Mosher had no cause to believe this exercising of his First Amendment right would in anyway compromise fairness or violate any obligations he had to any paid employee of the United States Government.

> Plaintiff's recording and posting on the internet the October 8, 2009 conference with Judge Hittner constitute a direct violation of Local Rule 83.7

The courts use of the term **"direct violation"** cannot be rationally sustained or defended. The rule explicitly narrows coverage to **"in the courthouse"** and does nothing to imply any other applicability.

> Judge Stacy recommended dismissal of the action because of Plaintiff Moser's failure to appear. (Doc. 34.)

I believe it was the court's obligation to rule on the request for accommodation before conducting the Rule 16 Scheduling Conference. Plaintiff clearly had a right to dispute/appeal the court's rejection of the request for accommodation and had a right to be given notice, that the request was refused, so as to provide time to make

2

alternative arrangements, or file necessary appeals.

> *The minutes also noted that Judge Stacy had required the personal appearance of Plaintiff Mosher "as a sanction against Mr. Mosher for recording hearings by telephone with Judge Hittner and Judge Smith, modifying them and playing them on YouTube." (Id.)*

It seems, and no doubt is, ludicrous judicial process to impose a sanction that requires specific performance, yet not inform the sanctioned party that they have been, in fact, sanctioned. A second frailty in this weak rhetoric used to cover **the courts malicious effort to destroy my constitutional rights**, is the courts inaccurate accusation that I recorded Judge Smith, and the dishonest implication that I substantially altered ("modified" or distorted) the recordings... which I did not.

> *Although Plaintiff maintains (see Doc. 33) that he has an emotional disorder preventing his travelling to Houston for court appearances*

Plaintiff has not maintained he has an "emotional disorder", that is the courts unprofessional recharacterization... Regardless, by law the existence of the disability is to be "presumed" unless the court has reasonable cause to doubt it. It is plainly grotesque that I must apparently "Demand" that this court allow me to opportunity prove my disability beyond all reasonable doubt, to be spared the indignity of the courts petty implications and malicious ridicule. Proof of the disability can be provided to the court at it's demand.

> *his motivation to appear by telephone is also likely connected to his practice of recording telephonic court appearances and publishing them on the Internet with accompanying critical commentary on the judge and the court system in general.*

3

This plainly unsubstantiated, and clearly maliciously motivated, speculation by the court regarding **"his motivation"** is a grotesque breach of judicial temperament. There is absolutely no evidence that anything but my disability motivates any request I have made for telephonic court appearance. The court again shows **its bias** in using the term "his practice" implying a routine that cannot be demonstrated by the evidence. Like many people, I have made transcripts of "public judicial process" available for public scrutiny... as yet, this is not any sort of crime in the United States of America, and I thoroughly resent the implications, and **Direct Accusations**, made by the court referencing ulterior motive, or any willfully wrong, or unfair conduct.

*The violation of Local Rule 83.7 contumacious conduct by Plaintiff Mosher justifying a court's ordering him to appear in person and not by telephone.*

The plaintiff plainly disputes the courts claim of a violation, and claims no "contumacious conduct" falling within the court's jurisdiction. Plaintiff further claims that the "order" to "appear in person" is a disproportional, and excessive, sanction even if the court could reasonably sustain its "justifying" accusation of a violation of the LOCAL rules. There is also the further complication of the "Americans with disability Act" which plaintiff would claim legally prohibits the court from abusing the plaintiffs disability in an effort to, quite obviously, **maliciously destroy his litigation and abolish his constitutional rights to due process.**

*Accordingly, the Court hereby ORDERS that Plaintiff's Motion for Accommodation and Notice of Special Circumstances (Doc. 33) is DENIED.*

I do not believe it is appropriate, or within judicial prerogatives, for the court to play this game with the fact of the plaintiffs disability. With certain knowledge the court is effectively dismissing plaintiff's litigation by

4

creating an **artificial "sanction" impediment** the court has **no reasonable expectation** the plaintiff can overcome. If this order is sustained by the court plaintiff will again seek relief from the Fifth Circuit Appeals Court and request that this court be sanctioned for its **willful misconduct**.

**In conclusion:**

Having illustrated the plaintiffs good cause to hold the **"reasonable belief"** that Judge MELINDA HARMON is biased against the class (disabled, pro se) or person (Dislikable public advocate) that is the plaintiff. The plaintiff demands recusal of Judge MELINDA HARMON, and fair access to a court of competent adjudication.

Date:            March 29, 2010

Original +2:     Clerk's Office
1 copy           Defendent Jones
cc:              None

_____
Gary Mosher (Plaintiff Pro-Se)
147 Ironia Rd
Mendham NJ 07945
[973 543-6003]