UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GARY MOSHER,                           §
                                       §
        Plaintiff,                     §
VS.                                    §        CIVIL ACTION NO. H-08-2105
                                       §
CINDY KEANSTER, *et al*,               §
                                       §
        Defendants.                    §

**OPINION & ORDER**

Pending before the Court is *pro se* Plaintiff Gary Mosher's ("Mosher") motion for recusal. (Doc. 36.) Also before the Court is *pro se* Defendant Douglas Jones' ("Jones") motion to dismiss (Doc. 6), as well as Plaintiff Mosher's response (Doc. 9) and Jones' reply (Doc. 10). Although Jones' motion included information outside Plaintiff Mosher's complaint, arguably making it a motion for summary judgment, the Court will rely solely on the facts contained in the complaint and therefore construe Jones' pleading as a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Upon review and consideration of these motions, the responses and replies thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Defendant Jones' motion to dismiss (Doc. 6) should be granted, and that Plaintiff Mosher's motion for recusal (Doc. 36) should be denied.


I.  Background and Relevant Facts

This is a copyright case with a multifarious procedural history. On December 17, 2008, the parties in this case failed to appear for a scheduling conference before Magistrate Judge Stephen Smith. *Pro se* Plaintiff Mosher had earlier requested special accommodation to appear by teleconference due to an alleged anxiety disorder. (Doc. 7.) On December 18, 2008, the day

after the scheduled conference, U.S. District Judge David Hittner dismissed the case for failure to prosecute, without ruling on Mosher's request for special accommodation.  (Docs. 11 and 13.)

Mosher appealed.  The U.S. Court of Appeals for the Fifth Circuit vacated the dismissal and remanded the case to the district court because there was "no clear record of delay or contumacious conduct by the plaintiff" and therefore his request "that the conference be held by telephone or electronic means" was not unreasonable "given the distance from his home in New Jersey and his assertions, albeit unsupported by evidence, that he suffers a disability that prevents him from traveling."  (Doc. 25 at 2, USCA No. 09-20057, September 15, 2009.)

On remand, Judge Hittner scheduled a Rule 16 conference by telephone for October 8, 2009.  (Doc. 18.)  Although both parties appeared by telephone, the minute entry reflects that the "Rule 16 Scheduling Conference [was] not held," and the conference was reset.  (Doc. 20.)  On the same day Judge Hittner recused himself from the case.  (Doc. 21.)

On or about October 9, 2009 Plaintiff Mosher posted a video on the internet site YouTube that included recorded excerpts from the teleconference with Judge Hittner along with Mosher's commentary.  See, http://www.youtube.com/watch?v=ICTrVUvYqDo.  Related videos posted on the internet can be found at http://www.youtube.com/donotgod and http://www.youtube.com/inmendham.  Plaintiff's recording and posting on the internet the October 8, 2009 conference with Judge Hittner constitute a direct violation of Local Rule 83.7, which states that, "[e]xcept by leave of the presiding judge, no photo- or electro-mechanical means of recordation or transmission of court proceedings is permitted in the courthouse."  Local Rule 83.7 of the U.S. District Court for the Southern District of Texas, http://www.txs.uscourts.gov/district/rulesproc.

After Judge Hittner's recusal, the case was reassigned to this Court.  (Doc. 22.)  On

October 13, 2009, Magistrate Judge Frances H. Stacy reset the Rule 16 scheduling conference for March 3, 2010; all parties were specifically ordered to appear in person at the conference. (Doc. 30.)   On February 25, 2010, Plaintiff Mosher filed a Motion for Accommodation and Notice of Special Circumstances requesting that he be allowed to appear by telephone.  (Doc. 33.)  In the Minutes of the Rule 16 Scheduling Conference held March 3, 2010, the case manager to Magistrate Judge Stacy recorded that no parties appeared in person at the conference and that Judge Stacy recommended dismissal of the action because of Plaintiff Moser's failure to appear. (Doc. 34.)   The minutes also noted that Judge Stacy had required the personal appearance of Plaintiff Mosher "as a sanction against Mr. Mosher for recording hearings by telephone with Judge Hittner and Judge Smith, modifying them and playing them on YouTube."  (*Id.*)

Subsequently, this Court denied Mosher's motion for accommodation and ordered all parties to appear for a scheduling conference on April 7, 2010.  (Doc. 35.)  No one appeared.


II.  <u>Legal Standard for Dismissal</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).   A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face.  *Id.* at 570.  A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*

*v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  However, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

However, "[a] motion to dismiss under rule 12(b)(6) is viewed with disfavor and is rarely granted."  *Gregson v. Zurich American Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (internal citations and quotations omitted).  The "Court construes the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true."  *Id.* (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986)).  Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss.  *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).  In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint."  *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

*Pro se* litigants' court submissions are construed liberally and held to less stringent standards than submissions of lawyers.  *Boag v. MacDougall*, 454 U.S. 364 (1982); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)); *Haines v. Kerner*, 404 U.S. 519 (1972).  Courts provide *pro se* parties wide latitude when construing their pleadings and papers, and use common sense to determine what relief the party desires.  *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992).

## III.  Discussion

Plaintiff Mosher alleges violations of the Copyright Act of 1976, as amended, 17 U.S.C.

§ 101 *et seq.*, the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201–1204, as well as a libel claim grounded in Texas state law.  (Doc. 1 at 2.)  However, Mosher fails to allege a single fact supporting these claims.  Instead, Mosher provides a list of several YouTube "channels" where his videos as well as those of some of the defendants in this case are posted.  (*Id.*)  Even with the liberal pleading standards applied to the claims of *pro se* litigants, Mosher fails to plead either a claim for copyright violation or libel.  *See Twombly*, 550 U.S. at 556.  Therefore, these claims must be dismissed.

Normally, if the Court finds that a plaintiff's complaint fails to state a claim, the plaintiff is generally given at least one chance to amend the complaint under Rule 15(a) before dismissing the suit with prejudice.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").  Federal Rule of Civil Procedure 15(a)(2) dictates that leave to amend a pleading shall be freely given "when justice so requires."  Here, however, it is clear from the Plaintiff's response (Doc. 9) that he is unable to cure the defects of his pleading.  Mosher's response to Defendant Jones' request for a more definite statement simply quotes from his original complaint.  (*Id.* at 1.)  In response to *pro se* Defendant Jones' request that the Court "dismiss this lawsuit in its entirety for failure to state a claim for which relief could be granted[,]" *pro se* Plaintiff Mosher replies that the "defendant's statement does nothing to clarify any factual or legal issue raised and certainly has not to any required standard demonstrated their [*sic*] to be no cause of action."  (*Id.* at 3.)

By his own admission, Mosher has failed to properly serve the other named defendants in

this case.  (Doc. 32 at 2–4.)  Defendants Cindy Keanster and Juan Manuel Gutierrez-Garralda must therefore be dismissed from the case.

      Finally Mosher's motion for recusal fails to state any cognizable legal justification and accordingly must be denied.

IV.  <u>Conclusion</u>

      Taking all of Plaintiff Mosher's allegations as true pursuant to Fed. R. Civ. P. 12(b)(6), the Court concludes that he still has no viable claims.  Accordingly, the Court hereby **ORDERS** that Defendant Douglas Jones' motion to dismiss (Doc. 6) is **GRANTED**.  The Court further **ORDERS** that Plaintiff Gary Mosher's motion for recusal (Doc. 36) is **DENIED**.  The case is **DISMISSED WITH PREJUDICE**.

      SIGNED at Houston, Texas, this 12th day of April, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE