UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY MOSHER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-08-2105 |
| | § | |
| CINDY KEANSTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

*Pro se* Plaintiff Gary Mosher ("Mosher") filed suit for violations of the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*, the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201–1204, as well as for a libel claim grounded in Texas law. (Doc. 1.) Mosher alleged that the Defendants uploaded video content he produced to the website YouTube.com. On April 12, 2010, the Court granted *pro se* Defendant Douglas Jones' motion to dismiss. (Docs. 38–39.) On April 26, 2010, Mosher filed the instant motion for reconsideration. (Doc. 40.)

Although Mosher's motion for reconsideration requests relief pursuant to Rule 60 of the Federal Rules of Civil Procedure, because Mosher filed his motion for reconsideration within twenty-eight days of the Court's order dismissing the case, the Court will apply the more liberal standard of review available under Rule 59. Motions for reconsideration pursuant to Rule 59 serve a "narrow purpose of allowing a party to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 656 (N.D. Ill. 1982), *aff'd*, 735 F.3d 1367 (7th Cir. 1984)). A motion to alter or amend the judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered

evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).  Further, "it cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.*

Mosher appears to disagree with the Court's previous order finding that he failed to plead a claim for copyright violation or libel, that he was unable to cure his pleading defects, that he was unable to provide a more definite statement, and that he failed to properly serve the other named defendants.  Presumably, then, Mosher contends that the Court committed a manifest error of law or fact in dismissing Mosher's case for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  The Court dismissed Mosher's complaint because he failed to state a claim for copyright violation or libel.

Although *pro se* litigants' court submissions are construed liberally and held to less stringent standards than submissions of lawyers, this does not excuse Mosher from meeting basic pleading standards.  *Boag v. MacDougall*, 454 U.S. 364 (1982); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Haines v. Kerner*, 404 U.S. 519 (1972).  A list of YouTube "channels" without explanation or context does not give rise to a cause of action.  (Doc. 1 at 2.)  In his motion for reconsideration, Mosher still fails to make anything but conclusory allegations that his complaint meets the "short and plain" statement requirement of Rule 12(b)(6).  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  Mosher therefore fails to meet the requirements for relief under Rule 59.

Accordingly, the Court hereby **ORDERS** that Plaintiff Gary Mosher's motion for reconsideration (Doc. 40) is **DENIED**.

SIGNED at Houston, Texas, this 15th day of June, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE