# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**F I L E D**
April 6, 2011
Lyle W. Cayce
Clerk

No. 10-20492
Summary Calendar

GARY MOSHER,

        Plaintiff-Appellant

v.

CINDY KEANSTER; DOUGLAS JONES; JUAN GUTIERREZ-GARRALDA; JOHN DOES,

        Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2105

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:*

    Gary Mosher filed a complaint against several defendants alleging claims of copyright infringement, defamation, and libel. This court vacated a judgment dismissing the suit based on Mosher's failure to appear personally for a scheduling conference. Following additional proceedings on remand, the district court dismissed Mosher's complaint because it failed to state a claim and because Mosher had not served three of the four named defendants. The court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also denied a motion for recusal. Mosher moved for reconsideration, which the court also denied. Mosher then filed a notice of appeal.

The timing of Mosher's notice of appeal raises an issue regarding this court's jurisdiction, which we must examine sua sponte. *See Bailey v. Cain*, 609 F.3d 763, 765 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 931 (2011). In a civil case, the filing of a timely notice of appeal is a jurisdictional requirement that is not subject to equitable exceptions. *Bowles v. Russell*, 551 U.S. 205, 214-15 (2007); *Bailey*, 609 F.3d at 765. A notice of appeal must be filed within 30 days of entry of the order or judgment being appealed. FED. R. APP. P. 4(a)(1)(A). The notice is deemed filed on the date it is actually received by the district court and not the date it is mailed. *Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 367 (5th Cir. 2002).

Mosher's motion for reconsideration suspended the running of the 30-day period as to the underlying judgment until entry of the order disposing of his motion. *See* FED. R. APP. P. 4(a)(4)(A)(v), (vi). The court's order denying the motion for reconsideration was entered on June 15, 2010. Mosher then had 30 days to file his notice of appeal, or until July 15, 2010. Mosher's notice of appeal was not filed until July 19, 2010, four days beyond the deadline. Thus, it was not timely and we lack jurisdiction over the appeal. *See Bowles*, 551 U.S. at 214-15; *Matter of Lacey*, 114 F.3d 556, 556-57 (5th Cir. 1997).

Finally, we caution Mosher that the abusive and insulting language directed at the district court and the judiciary is inappropriate, and the use of such language in future filings will result in the imposition of sanctions.

DISMISSED FOR LACK OF JURISDICTION; SANCTION WARNING ISSUED.